No. 3132.—Ar. MILTENBERGER v. JOHN R. TAYLOR, Executor.

The authority of an executor to carry on a plantation, furnish it with supplies, etc., must be shown; otherwise the estate is not liable for the supplies furnished by a merchant under his direction.

APPEAL from the Ninth District Court, parish of Rapides. *Osborn*, J. *Ryan & White*, for plaintiff and appellee. *T. C. Manning*, for defendant and appellant.

HOWE, J. This action was instituted against the defendant as executor of Carey H. Blanchard, deceased, to recover the amount of

two accounts, the one against "Blanchard & Bro.," the other against "Estate C. H. Blanchard."

The defense was a general denial, prescription of three years and a special denial of the liability of the estate of C. H. Blanchard.

There was judgment in favor of plaintiff for a part of the claim, the sum of $3574 95, with interest from August 13, 1867, being the amount of the second account. The defendant has appealed.

A large portion of the plaintiff's claim appears to be prescribed; the whole of the account "A" against "Blanchard & Bro.," and a part, at least, of the account "B."

The amount for which the court below gave judgment is made up of items dating from November 10, 1865, to August 13, 1867. Carey H. Blanchard, whose executor is the defendant in this case, died in 1861. There is the usual testimony as to the correctness of the account, it being chiefly for supplies to the plantation; but by what authority the defendant, as executor, was carrying on, in 1866 and 1867, the plantation of a man who died in 1861, does not appear. The record does not justify us in affirming the judgment. See Carroll v. Davison, lately decided; also, Woodbridge v. Pope, 22 An. 293; Succession of Decuir, 22 An. 372; Bank v. Dejean, 12 R. 16.

It is therefore ordered that the judgment appealed from be avoided and reversed; that as to the account "A," for the sum of $2066 91, there be judgment in favor of defendant; that as to the account "B," for which there was judgment in the court below for $3574 95, the claim of plaintiff be dismissed as in case of nonsuit; and that the plaintiff pay costs of both courts.